UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Verne A. Hall, Erik M. Jothen, Susan J. Aschenbeck, Donald P. Brennan, Roberta S. (Filler) Carlson, John J. Carney, Fang-Pai Chen, Ronnie B. Clausen, David L. Draper, Gary L. Flemino, Debra Jean Foster, Linda K. Giles, Janice B. Hanson, Richard W. Hartmann, Paul O. Holtan, Andre M. Hudson, Oleg Ivanov, Vaughn Edwen James, Hugh F. Juergens, Glen A. Juntti, Sharon L. Kelly, Vladimir Kessler, Sally M. Kleiner, Randall S. Knox, LaRae L. Lemon, Shawn Xiao Liu, Esther G. Mazurek, Daniel J. McKenzie, Thomas M. Noska, Roy D. Okins, Richard David Olund, Gregory J. Pettis, Joy G. Piao, Boris L. Rabichev, Joy M. Reinhart, JoAnn Baird Shoemaker, Kent D. Smith, Lynette M. Steuck, Gregory K. Stoner, Billy S. Summers, Marina Vorobeychik, Richard L. Walstrom, Philip B. Winters, Ernest R. Zahradka, for and on behalf of themselves and other persons similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>Best Buy Company, Inc. and Best Buy Enterprise Services, Inc.<br><br>                    Defendants. | Civil No. 04-4812 MJD/JGL<br><br><br><br>**COMPLAINT**<br><br>Demand for Jury Trial |

Plaintiffs Verne A. Hall, Erik M. Jothen, Susan J. Aschenbeck, Donald P. Brennan,

Roberta S. (Filler) Carlson, John J. Carney, Fang-Pai Chen, Ronnie B. Clausen, David L. Draper,

Gary L. Flemino, Debra Jean Foster, Linda K. Giles, Janice B. Hanson, Richard W. Hartmann,

Paul O. Holtan, Andre M. Hudson, Oleg Ivanov, Vaughn Edwen James, Hugh F. Juergens,

SCANNED
NOV 1 7 2004
U.S. DISTRICT COURT MPLS

Glen A. Juntti, Sharon L. Kelly, Vladimir Kessler, Sally M. Kleiner, Randall S. Knox, LaRae L. Lemon, Shawn Xiao Liu, Esther G. Mazurek, Daniel J. McKenzie, Thomas M. Noska, Roy D. Okins, Richard David Olund, Gregory J. Pettis, Joy G. Piao, Boris L. Rabichev, Joy M. Reinhart, JoAnn Baird Shoemaker, Kent D. Smith, Lynette M. Steuck, Gregory K. Stoner, Billy S. Summers, Marina Vorobeychik, Richard L. Walstrom, Philip B. Winters, Ernest R. Zahradka, for and in behalf of themselves and other persons similarly situated (collectively, "Plaintiffs"), for their Complaint against Best Buy Company, Inc. and Best Buy Enterprise Services, Inc. (collectively, "Best Buy"), state and allege as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Verne A. Hall ("Hall") resides in Wisconsin.  Hall was employed by Best Buy in Minnesota until his termination on October 14, 2003.  Hall was then 60 years old.

2.      Plaintiff Erik M. Jothen ("Jothen") resides in Minnesota.  Jothen was employed by Best Buy in Minnesota until his termination on October 10, 2003.  Jothen was then 53 years old.

3.      Plaintiff Susan J. Aschenbeck ("Aschenbeck") resides in Minnesota.  Aschenbeck was employed by Best Buy in Minnesota until her termination on June 14, 2004.  Aschenbeck was then 40 years old.

4.      Plaintiff Donald P. Brennan ("Brennan") resides in Minnesota.  Brennan was employed by Best Buy in Minnesota until his termination on June 14, 2004.  Brennan was then 47 years old.

5.      Plaintiff Roberta S. (Filler) Carlson ("Carlson") resides in Minnesota.  Carlson was employed by Best Buy in Minnesota until her termination on June 14, 2004.  Carlson was then 45 years old.

6.   Plaintiff John J. Carney ("Carney") resides in Minnesota. Carney was employed by Best Buy in Minnesota until his termination on June 14, 2004. Carney was then 50 years old.

7.   Plaintiff Fang-Pai Chen ("Chen") resides in Minnesota. Chen was employed by Best Buy in Minnesota until his termination on June 14, 2004. Chen was then 56 years old.

8.   Plaintiff Ronnie B. Clausen ("Clausen") resides in Wisconsin. Clausen was employed by Best Buy in Minnesota until his termination on June 14, 2004. Clausen was then 46 years old.

9.   Plaintiff David L. Draper ("Draper") resides in Minnesota. Draper was employed by Best Buy in Minnesota until his termination on June 14, 2004. Draper was then 59 years old.

10.   Plaintiff Gary L. Flemino ("Flemino") resides in Minnesota. Flemino was employed by Best Buy in Minnesota until his termination on June 14, 2004. Flemino was then 62 years old.

11.   Plaintiff Debra Jean Foster ("Foster") resides in Minnesota. Foster was employed by Best Buy in Minnesota until her termination on June 14, 2004. Foster was then 46 years old.

12.   Plaintiff Linda K. Giles ("Giles") resides in Minnesota. Giles was employed by Best Buy in Minnesota until her termination on June 14, 2004. Giles was then 41 years old.

13.   Plaintiff Janice B. Hanson ("Hanson") resides in Minnesota. Hanson was employed by Best Buy in Minnesota until her termination on October 10, 2003. Hanson was then 54 years old.

14.   Plaintiff Richard W. Hartmann ("Hartmann") resides in Minnesota. Hartmann was employed by Best Buy until his termination on June 14, 2004. Hartmann was then 43 years old.

15.    Plaintiff Paul O. Holtan ("Holtan") resides in Minnesota. Holtan was employed by Best Buy in Minnesota until his termination on October 10, 2003. Holtan was then 54 years old.

16.    Plaintiff Andre M. Hudson ("Hudson") resides in Minnesota. Hudson was employed by Best Buy in Minnesota until his termination on June 14, 2004. Hudson was then 40 years old.

17.    Plaintiff Oleg Ivanov ("Ivanov") resides in Minnesota. Ivanov was employed by Best Buy in Minnesota until his termination on June 14, 2004. Ivanov was then 43 years old.

18.    Plaintiff Vaughn Edwen James ("James") resides in Minnesota. James was employed by Best Buy in Minnesota until his termination on October 10, 2003. James was then 71 years old.

19.    Plaintiff Hugh F. Juergens ("Juergens") resides in Minnesota. Juergens was employed by Best Buy in Minnesota until his termination on October 10, 2003. Juergens was then 56 years old.

20.    Plaintiff Glen A. Juntti ("Juntti") resides in Minnesota. Juntti was employed by Best Buy in Minnesota until his termination on June 14, 2004. Juntti was then 55 years old.

21.    Plaintiff Sharon L. Kelly ("Kelly") resides in Minnesota. Kelly was employed by Best Buy in Minnesota until her termination on October 10, 2003. Kelly was then 50 years old.

22.    Plaintiff Vladimir Kessler ("Kessler") resides in Minnesota. Kessler was employed by Best Buy in Minnesota until his termination on June 14, 2004. Kessler was then 43 years old.

23.     Plaintiff Sally M. Kleiner ("Kleiner") resides in Minnesota.  Kleiner was employed by Best Buy in Minnesota until her termination on October 10, 2003.  Kleiner was then 54 years old.

24.     Plaintiff Randall S. Knox ("Knox") resides in Minnesota.  Knox was employed by Best Buy in Minnesota until his termination on June 14, 2004.  Knox was then 57 years old.

25.     Plaintiff LaRae L. Lemon ("Lemon") resides in Minnesota.  Lemon was employed by Best Buy in Minnesota until her termination on June 14, 2004.  Lemon was then 49 years old.

26.     Plaintiff Shawn Xiao Liu ("Liu") resides in Minnesota.  Liu was employed by Best Buy in Minnesota until his termination on June 14, 2004.  Liu was then 42 years old.

27.     Plaintiff Esther G. Mazurek ("Mazurek") resides in Minnesota.  Mazurek was employed by Best Buy in Minnesota until her termination on October 10, 2003.  Mazurek was then 46 years old.

28.     Plaintiff Daniel J. McKenzie ("McKenzie") resides in Minnesota.  McKenzie was employed by Best Buy in Minnesota until his termination on June 14, 2004.  McKenzie was then 48 years old.

29.     Plaintiff Thomas M. Noska ("Noska") resides in Minnesota.  Noska was employed by Best Buy in Minnesota until his termination on October 10, 2003.  Noska was then 53 years old.

30.     Plaintiff Roy D. Okins ("Okins") resides in Minnesota.  Okins was employed by Best Buy in Minnesota until his termination on June 14, 2004.  Okins was then 57 years old.

31.     Plaintiff Richard David Olund ("Olund") resides in Minnesota. Olund was employed by Best Buy in Minnesota until his termination on June 14, 2004. Olund was then 49 years old.

32.     Plaintiff Gregory J. Pettis ("Pettis") resides in Minnesota. Pettis was employed by Best Buy in Minnesota until his termination on October 10, 2003. Pettis was then 56 years old.

33.     Plaintiff Joy G. Piao ("Piao") resides in Illinois. Piao was employed by Best Buy in Minnesota until her termination on June 14, 2004. Piao was then 44 years old.

34.     Plaintiff Boris L. Rabichev ("Rabichev") resides in Minnesota. Rabichev was employed by Best Buy until his termination on June 14, 2004. Rabichev was then 46 years old.

35.     Plaintiff Joy M. Reinhart ("Reinhart") resides in Minnesota. Reinhart was employed by Best Buy in Minnesota until her termination on June 14, 2004. Reinhart was then 50 years old.

36.     Plaintiff JoAnn Baird Shoemaker ("Shoemaker") resides in Minnesota. Shoemaker was employed by Best Buy in Minnesota until her termination on June 14, 2004. Shoemaker was then 47 years old.

37.     Plaintiff Kent D. Smith ("Smith") resides in Minnesota. Smith was employed by Best Buy in Minnesota until his termination on June 14, 2004. Smith was then 43 years old.

38.     Plaintiff Lynnette M. Steuck ("Steuck") resides in Minnesota. Steuck was employed by Best Buy in Minnesota until her termination on June 14, 2004. Steuck was then 51 years old.

39.     Plaintiff Gregory K. Stoner ("Stoner") resides in Minnesota. Stoner was employed by Best Buy in Minnesota until his termination on June 14, 2004. Stoner was then 52 years old.

40.     Plaintiff Billy S. Summers ("Summers") resides in Kentucky.  Summers was employed by Best Buy in Minnesota until his termination on October 10, 2003.  Summers was then 61 years old.

41.     Plaintiff Marina Vorobeychik ("Vorobeychik") resides in Minnesota.  Vorobeychik was employed by Best Buy in Minnesota until her termination on October 10, 2003.  Vorobeychik was then 46 years old.

42.     Plaintiff Richard L. Walstrom ("Walstrom") resides in Minnesota.  Walstrom was employed by Best Buy in Minnesota until his termination on June 14, 2004.  Walstrom was then 57 years old.

43.     Plaintiff Philip B. Winters ("Winters") resides in Minnesota.  Winters was employed by Best Buy in Minnesota until his termination on June 14, 2004.  Winters was then 42 years old.

44.     Plaintiff Ernest R. Zahradka ("Zahradka") resides in Minnesota.  Zahradka was employed by Best Buy in Minnesota until his termination on June 14, 2004.  Zahradka was then 41 years old.

45.     Defendant Best Buy Company, Inc. is a Minnesota corporation with its principal place of business in Minnesota.  Defendant Best Buy Enterprises, Inc. is a Minnesota corporation with its principal place of business in Minnesota.

46.     Both Defendants are employers within the meaning of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.,* the Minnesota Human Rights Act ("MHRA"), Minn. Stat. CE. 363, and Minn. Stat. § 181.81.

47.     This action is brought under the ADEA, 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b) for and in behalf of the above-named Plaintiffs and other persons similarly situated who

may opt into the action, and this Court therefore has original jurisdiction over this action

pursuant to 28 U.S.C. § 1331.

48.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant

to 28 U.S.C. § 1367 because those claims are pendent to and part of the same case or controversy

as that giving rise to the ADEA claims.

49.     Venue of this action in the United States District Court for the District of

Minnesota is proper pursuant to 28 U.S.C. § 1391(b) because both Defendants reside in the

District of Minnesota and pursuant to 28 U.S.C. § 1391(c) because the events giving rise to

Plaintiffs' claims occurred in the District of Minnesota.

## ADMINISTRATIVE CHARGES AND PROCEEDINGS

50.     On or about December 22, 2003, Plaintiff Hall timely filed a class-wide charge of

age discrimination with the U.S. Equal Employment Commission ("EEOC"), which was cross-

filed with the Minnesota Department of Human Right ("MDHR"), alleging among other things

that: (a) Best Buy was engaging in a pattern or practice of age discrimination against himself and

other similarly situated older employees; (b) his termination was part of a class-wide pattern or

practice of age-based terminations, demotions and forced retirements and resignations in the IS

Department that began in 2002 and was continuing; (c) Best Buy had been hiring and promoting

younger persons throughout this same period; (d) Best Buy provided incomplete, misleading and

false information to him and to others in an attempt to induce them to waive their rights under

the federal Age Discrimination in Employment Act and the Minnesota Human Rights Act by

withholding from them accurate information about the extent and scope of its pattern of

terminations of older employees; and (e) that he was filing the charge on behalf of himself and

all similarly situated employees of Best Buy who had been terminated, demoted, or forced to

retire or resign their employment in whole or in part due to their ages during the years 2002 and 2003.

51.    On or about December 22, 2003, Plaintiff Jothen timely filed a class-wide charge of age discrimination with the U.S. Equal Employment Commission ("EEOC"), which was cross-filed with the Minnesota Department of Human Right ("MDHR"), alleging among other things that: (a) Best Buy was engaging in a pattern or practice of age discrimination against himself and other similarly situated older employees; (b) his termination was part of a class-wide pattern or practice of age-based terminations, demotions and forced retirements and resignations in the IS Department that began in 2002 and was continuing; (c) Best Buy failed to consider him for open positions for which he was qualified; (d) Best Buy had been hiring and promoting younger persons throughout this same period; (e) Best Buy provided him no demographic data about those who were terminated and those who were retained, and refused to give him more than 24 days in which to consider the release with which he was presented; (f) Best Buy withheld the demographic data and gave him less time to consider the release because it wanted him and others to sign the release without knowing the extent and scope of its pattern of terminations of older employees; and (g) that he was filing the charge on behalf of himself and all similarly situated employees of Best Buy who had been terminated, demoted, or forced to retire or resign their employment in whole or in part due to their ages during the years 2002 and 2003.

52.    On or about August 26, 2004, Plaintiff Aschenbeck timely filed a class-wide charge of age discrimination with the U.S. Equal Employment Commission ("EEOC"), which was cross-filed with the Minnesota Department of Human Right ("MDHR"), alleging among other things that: (a) Best Buy was engaging in a pattern or practice of age discrimination against herself and other similarly situated older employees; (b) her termination was part of a class-wide

pattern or practice of age-based terminations, demotions and forced retirements and resignations in the IS Department that began in 2003 and was continuing; (c) Best Buy also notified employees in other departments that they were being terminated at the same time, and these terminations fell disproportionately on older employees; (d) Best Buy had been hiring and promoting younger persons throughout this same period; (e) Best Buy provided incomplete, misleading and false information to her and to others in an attempt to induce them to waive their rights under the federal Age Discrimination in Employment Act and the Minnesota Human Rights Act by withholding from them accurate information about the extent and scope of its pattern of terminations of older employees; and (f) that she was filing the charge on behalf of herself and all similarly situated persons age 40 or over who Best Buy terminated, demoted, or forced to retire or resign during the time period from January 1, 2003, to the present.

53.     On or about August 26, 2004, Plaintiff Brennan timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Brennan, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

54.     On or about August 20, 2004, Plaintiff Carlson timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Carlson, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

55.     On or about August 20, 2004, Plaintiff Carney timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Carney, and, by terminating, demoting, or forcing the resignation or retirement of other older employees.

56.     On or about August 4, 2004, Plaintiff Chen timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Chen, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

57.     On or about August 26, 2004, Plaintiff Clausen timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Clausen, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

58.     On or about August 20, 2004, Plaintiff Draper timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota

law by, among other things, terminating Draper, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

59. On or about August 20, 2004, Plaintiff Flemino timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Flemino, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

60. On or about August 20, 2004, Plaintiff Foster timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Foster, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

61. On or about August 27, 2004, Plaintiff Giles timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Giles, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

62. On or about January 20, 2004, Plaintiff Hanson timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and

other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Hanson, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

63.     On or about August 26, 2004, Plaintiff Hartmann timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Hartmann, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

64.     On or about January 29, 2004, Plaintiff Holtan timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Holtan, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

65.     On or about August 20, 2004, Plaintiff Hudson timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Hudson, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

66.     On or about August 26, 2004, Plaintiff Ivanov timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the

charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Ivanov, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

67. On or about January 22, 2004, Plaintiff James timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating James, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

68. On or about January 23, 2004, Plaintiff Juergens timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Juergens, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

69. On or about August 25, 2004, Plaintiff Juntti timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Juntti, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

70.     On or about February 24, 2004, Plaintiff Kelly timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Kelly, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

71.     On or about August 26, 2004, Plaintiff Kessler timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Kessler, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

72.     On or about February 17, 2004, Plaintiff Kleiner timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Kleiner, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

73.     On or about August 20, 2004, Plaintiff Knox timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota

law by, among other things, terminating Knox, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

74.     On or about August 20, 2004, Plaintiff Lemon timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Lemon, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

75.     On or about August 25, 2004, Plaintiff Liu timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Liu, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

76.     On or about March 17, 2004, Plaintiff Mazurek timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, alleging which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Mazurek, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

77.     On or about August 20, 2004, Plaintiff McKenzie timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and

other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating McKenzie, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

78.     On or about February 24, 2004, Plaintiff Noska timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Noska, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

79.     On or about August 25, 2004, Plaintiff Okins timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Okins, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

80.     On or about August 25, 2004, Plaintiff Olund timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Olund, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

81.     On or about March 30, 2004, Plaintiff Pettis timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the

charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Pettis, by terminating, demoting, or forcing the resignation or retirement of other older employees, and by failing to retain, transfer and/or hire Pettis and other similarly situated employees for open positions.

82.     On or about August 27, 2004, Plaintiff Piao timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Piao, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

83.     On or about August 20, 2004, Plaintiff Rabichev timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Rabichev, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

84.     On or about August 26, 2004, Plaintiff Reinhart timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Reinhart, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

85.     On or about August 26, 2004, Plaintiff Shoemaker timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Shoemaker, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

86.     On or about August 20, 2004, Plaintiff Smith timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Smith, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

87.     On or about August 4, 2004, Plaintiff Steuck timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Steuck, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

88.     On or about August 25, 2004, Plaintiff Stoner timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota

law by, among other things, terminating Stoner, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

89.     On or about March 8, 2004, Plaintiff Summers timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Summers, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

90.     On or about January 20, 2004, Plaintiff Vorobeychik timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against her and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Vorobeychik, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

91.     On or about August 25, 2004, Plaintiff Walstrom timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Walstrom, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

92.     On or about August 25, 2004, Plaintiff Winters timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and

other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Winters, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

93.     On or about August 25, 2004, Plaintiff Zahradka timely filed a class-wide administrative charge with the EEOC, which was cross-filed with the MDHR, which, like the charges of Hall, Jothen and Aschenbeck, alleged that Best Buy discriminated against him and other similarly situated employees on the basis of age in violation of the ADEA and Minnesota law by, among other things, terminating Zahradka, and by terminating, demoting, or forcing the resignation or retirement of other older employees.

94.     Each of the forty four above-named Plaintiffs hereby consents to become a party plaintiff in this action.

## FACT ALLEGATIONS

95.     In April of 2002, Best Buy engaged Robert A. Willett ("Willett"), a global managing partner and member of the Executive Committee at Accenture Ltd., as a consultant and special advisor to its Board of Directors on matters relating to operational efficiency and excellence.

96.     At about the same time as its engagement of Willett, Best Buy began to engage in a pattern or practice of age discrimination against its older Information Systems ("IS") employees and other similarly situated employees. The above-named Plaintiffs in this action and other similarly situated employees were subject to and the victims of Best Buy's pattern or practice of age discrimination.

97.     As part of its pattern or practice of age discrimination, Best Buy began to use performance plans, job assignments, ratings quotas and other measures to pressure its older IS employees and other similarly situated employees to quit and/or to justify their terminations.

98.     As part of its pattern or practice of age discrimination, Best Buy discriminated with respect to training opportunities and job assignments, giving younger employees the opportunity to learn new technology and assigning those employees to positions where they could utilize that new technology, while channeling many of the older employees into positions involving older technology which was becoming obsolete.

99.     As part of its pattern or practice of age discrimination, Best Buy discriminated with respect to management training and promotions, giving younger employees management training and promoting younger employees into management positions, while excluding many of the older employees from management training and management positions.

100.    Best Buy illegally took the above measures and others to classify its employees on the basis of age, and to otherwise adversely affect the employment of older IS employees and other similarly situated employees.

101.    Beginning in or about 2003, Best Buy began to force out or involuntarily terminate older IS employees and other similarly situated employees, while hiring younger employees.

102.    On or about October 10, 2003, as part of its pattern or practice of age discrimination, Best Buy terminated the employment of 25 of its IS Department employees, with these terminations falling heavily on those employees who were age 40 or more at that time.

103. Twenty of the IS employees terminated on or about October 10, 2003, were over the age of 40, including 13 of the named plaintiffs, and another turned age 40 the day after his termination, while younger IS employees were disproportionately retained.

104. Best Buy's disclosure of those terminated from the IS Department failed to disclose all of the employees age 40 or more who were terminated on or about October 10, 2003.

105. In January 2004, Best Buy engaged Willett's company, Accenture, to reduce costs in the Human Resources area, including the termination of some HR Department employees, with a stated intention to engage Accenture for a similar project in the IS area.

106. On April 14, 2004, Best Buy reported that it planned to outsource its Information Systems work to Accenture which would result in the layoffs of 130 IS Department employees. It stated that Accenture by contract with Best Buy would offer jobs to 650 of the 820 employees who then worked in Information Technology for Best Buy and that those workers would continue to be located at Best Buy's corporate headquarters along with an additional 40 IS Department employees who would continue to work directly for Best Buy.

107. On April 14, 2004, Best Buy notified approximately 126 employees of its IS Department that they would be terminated effective June 14, 2004. On or about June 14, 2004, it informed those employees that 82 of the 126 IS employees to be terminated (about 65%) were age 40 or more, including 31 of the above-named Plaintiffs.

108. The proportion of IS Department employees notified of their terminations as of April 14, 2004, on information and belief, was heavily weighted against employees age 40 or more.

109. Best Buy's disclosure of those terminated from the IS Department, on information and belief, failed to disclose all of the employees age 40 or more who were terminated as of

June 14, 2004, and may have included other employees, under age 40, who were retained as employees at Best Buy.

110.    On April 14, 2004, Best Buy also announced that it had cut 30 corporate jobs in other areas, including its Finance Department.

111.    Best Buy disclosed that 12 of the 13 employees who were notified on April 14, 2004, that they would be terminated from Best Buy's Finance Department were over the age of 40 and that the 13th was age 38.  These terminations fell heavily on older employees within that department.

112.    In April 2004, Willett was named as Best Buy's Executive Vice President – Operations.  Willett's stated responsibilities include reducing Best Buy's cost structure.  Willett is one of four Best Buy executives involved in negotiating the terms of Best Buy's engagements with Accenture.

113.    In the fiscal year ending February 2004, Willett was paid consulting fees by Best Buy of $238,796 and accrued consulting fees totaling $384,245 and was reimbursed for out-of-pocket expenses totaling another $209,311.

114.    As part of its pattern or practice of discrimination, Best Buy sought to obtain releases of age discrimination claims from its terminated employees without complying with applicable law.  Among other things, Best Buy provided incomplete, misleading and inaccurate demographic data regarding those selected for termination and those retained.  Best Buy also refused requests from terminated employees for complete and accurate demographic data and failed to provide any demographic data regarding employees terminated and retained to some of the terminated employees and failed to provide them with the required minimum period of days to consider Best Buy's proposed severance and release of claims.

115.    Best Buy induced similarly situated former Best Buy employees to sign legally invalid releases of their claims for age discrimination.

116.    As part of its pattern or practice of discrimination, Best Buy has failed to provide its older employees with consideration for employment opportunities, has refused to transfer older employees into open positions for which they were qualified and has refused to re-hire its former employees for positions for which they were qualified.

117.    In an article published on November 8, 2004, Best Buy's spokesperson stated that Best Buy's workforce skews young and that the average age of its corporate employees is just 29.

118.    The aforesaid pattern or practice of age discrimination by Best Buy was willful.

119.    The Plaintiffs are each 40 years of age or older, and are within the class of persons protected against age discrimination by the ADEA, 29 U.S.C. § 621, *et seq.*, and the MHRA, Minn. Stat. § 363A.02, *et seq.*

120.    The Plaintiffs are among the former employees of Best Buy who have been adversely affected by the aforesaid pattern or practice of age discrimination.

**Verne A. Hall**

121.    Hall was employed with Best Buy as a Software Engineer.

122.    Hall was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

123.    Best Buy terminated Hall's employment on or about October 14, 2003, when Hall, who was born on July 23, 1943, was 60 years old.

124.    In connection with Hall's termination, Best Buy provided him with a letter that stated that Hall was employed most recently in the position of Engineer 4, Software and that this position was eliminated.

**Erik M. Jothen**

125.    Jothen was employed with Best Buy as a Product Capability Manager.

126.    Jothen was well qualified for his position as a Product Capability Manager and performed his duties in a proper, satisfactory and competent manner.

127.    Best Buy terminated Jothen's employment on or about October 10, 2003, when Jothen, who was born on July 5, 1950, was 53 years old.

128.    In response to Jothen's request for the truthful reason for his termination pursuant to Minn. Stat. § 181.933, Best Buy stated that his employment was terminated due to his failure to meet the expectations of his position as a Product Capability Manager of Subscription Vendor Maintenance.

**Susan J. Aschenbeck**

129.    Aschenbeck was employed with Best Buy as a Software Engineer.

130.    Aschenbeck was well qualified for her Software Engineer position and performed her duties in a proper, satisfactory and competent manner.

131.    Best Buy terminated Aschenbeck's employment on or about June 14, 2004, when Aschenbeck, who was born on October 17, 1963, was 40 years old.

132.    In connection with Aschenbeck's termination, Best Buy provided her with a letter that stated that Aschenbeck was employed most recently in the position of Engineer 3, Software and that this position was eliminated.

**Donald P. Brennan**

133.    Brennan was employed with Best Buy as a Consultant.

134.    Brennan was well qualified for his Consultant position and performed his duties

in a proper, satisfactory and competent manner.

135.    Best Buy terminated Brennan's employment on or about June 14, 2004, when

Brennan, who was born on January 6, 1957, was 47 years old.

136.    In connection with Brennan's termination, Best Buy provided him with a letter

that stated that Brennan was employed most recently in the position of Consultant 1 and that this

position was eliminated.

**Roberta S. (Filler) Carlson**

137.    Carlson was employed with Best Buy as a Consultant.

138.    Carlson was well qualified for her Consultant position and performed her duties in

a proper, satisfactory and competent manner.

139.    Best Buy terminated Carlson's employment on or about June 14, 2004, when

Carlson, who was born on March 9, 1959, was 45 years old.

140.    In connection with Carlson's termination, Best Buy provided her with a letter that

stated that Carlson was employed most recently in the position of Consultant 4 and that this

position was eliminated.

**John J. Carney**

141.    Carney was employed with Best Buy as a Technical Consultant.

142.    Carney was well qualified for his Technical Consultant position and performed

his duties in a proper, satisfactory and competent manner.

143. Best Buy terminated Carney's employment on or about June 14, 2004, when Carney, who was born on March 9, 1954, was 50 years old.

144. In connection with Carney's termination, Best Buy provided him with a letter that stated that Carney was employed most recently in the position of Consultant 4, Technical and that this position was eliminated.

**Fang-Pai Chen**

145. Chen was employed with Best Buy as a Software Engineer.

146. Chen was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

147. Best Buy terminated Chen's employment on or about June 14, 2004, when Chen, who was born on June 16, 1947, was 56 years old.

148. In connection with Chen's termination, Best Buy provided him with a letter that stated that Chen was employed most recently in the position of Engineer 5, Software and that this position was eliminated.

**Ronnie B. Clausen**

149. Clausen was employed with Best Buy as a Software Engineer.

150. Clausen was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

151. Best Buy terminated Clausen's employment on or about June 14, 2004, when Clausen, who was born on September 5, 1957, was 46 years old.

152. In connection with Clausen's termination, Best Buy provided him with a letter that stated that Clausen was employed most recently in the position of Engineer 4, Software and that this position was eliminated.

**David L. Draper**

153.    Draper was employed with Best Buy as a Delivery Project Manager.

154.    Draper was well qualified for his Delivery Project Manager position and performed his duties in a proper, satisfactory and competent manner.

155.    Best Buy terminated Draper's employment on or about June 14, 2004, when Draper, who was born on January 9, 1945, was 59 years old.

156.    In connection with Draper's termination, Best Buy provided him with a letter that stated that Draper was employed most recently in the position of Mgr 3, Delivery Project Manager and that this position was eliminated.

**Gary L. Flemino**

157.    Flemino was employed with Best Buy as a Software Engineer.

158.    Flemino was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

159.    Best Buy terminated Flemino's employment on or about June 14, 2004, when Flemino, who was born on February 26, 1942, was 62 years old.

160.    In connection with Flemino's termination, Best Buy provided him with a letter that stated that Flemino was employed most recently in the position of Engineer 4, Software and that this position was eliminated.

**Debra Jean Foster**

161.    Foster was employed with Best Buy as a Product Capability Manager.

162.    Foster was well qualified for her Product Capability Manager position and performed her duties in a proper, satisfactory and competent manner.

163.    Best Buy terminated Foster's employment on or about June 14, 2004, when Foster, who was born on September 23, 1957, was 46 years old.

164.    In connection with Foster's termination, Best Buy provided her with a letter that stated that Foster was employed most recently in the position of Mgr 3, Product/Capability and that this position was eliminated.

**Linda K. Giles**

165.    Giles was employed with Best Buy as a Product Capability Manager.

166.    Giles was well qualified for her Product Capability Manager  position and performed her duties in a proper, satisfactory and competent manner.

167.    Best Buy terminated Giles' employment on or about June 14, 2004, when Giles, who was born on January 28, 1963, was 41 years old.

168.    In connection with Giles' termination, Best Buy provided her with a letter that stated that Giles was employed most recently in the position of Mgr 3, Product/Capability and that this position was eliminated.

**Janice B. Hanson**

169.    Hanson was employed with Best Buy as a Business analyst.

170.    Hanson was well qualified for her Business Analyst position and performed her duties in a proper, satisfactory and competent manner.

171.    Best Buy terminated Hanson's employment on or about October 10, 2003, when Hanson, who was born on June 22, 1949, was 54 years old.

172.    In connection with Hanson's termination, Best Buy provided her with a letter that stated that Hanson was employed most recently in the position of Analyst 1, Business and that this position was eliminated.

**Richard W. Hartmann**

173.    Hartmann was employed with Best Buy as a Program Manager.

174.    Hartmann was well qualified for his Program Manager position and performed his duties in a proper, satisfactory and competent manner.

175.    Best Buy terminated Hartmann's employment on or about June 14, 2004, when Hartmann, who was born on December 28, 1960, was 43 years old.

176.    In connection with Hartmann's termination, Best Buy provided him with a letter that stated that Hartmann was employed most recently in the position of Mgr 1, Program and that this position was eliminated.

**Paul O. Holtan**

177.    Holtan was employed with Best Buy as a Software Engineer.

178.    Holtan was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

179.    Best Buy terminated Holtan's employment on or about October 10, 2003, when Holtan, who was born on January 12, 1949, was 54 years old.

180.    In connection with Holtan's termination, Best Buy provided him with a letter that stated that Holtan was employed most recently in the position of Engineer 4, Software and that this position was eliminated.

**Andre M. Hudson**

181.    Hudson was employed with Best Buy as a Technical Analyst.

182.    Hudson was well qualified for his Technical Analyst  position and performed his duties in a proper, satisfactory and competent manner.

183.    Best Buy terminated Hudson's employment on or about June 14, 2004, when Hudson, who was born on June 10, 1963, was 40 years old.

184.    In connection with Hudson's termination, Best Buy provided him with a letter that stated that Hudson was employed most recently in the position of Analyst 4, Technical and that this position was eliminated.

**Oleg Ivanov**

185.    Ivanov was employed with Best Buy as a Project Manager.

186.    Ivanov was well qualified for his Project Manager position and performed his duties in a proper, satisfactory and competent manner.

187.    Best Buy terminated Ivanov's employment on or about June 14, 2004, when Ivanov, who was born on December 26, 1960, was 43 years old.

188.    In connection with Ivanov's termination, Best Buy provided him with a letter that stated that Ivanov was employed most recently in the position of Mgr, Financial Ops & Analysis and that this position was eliminated.

**Vaughn Edwen James**

189.    James was employed with Best Buy as a Software Engineer.

190.    James was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

191.    Best Buy terminated James' employment on or about October 10, 2003, when James, who was born on December 21, 1931, was 71 years old.

192.    In connection with James' termination, Best Buy provided him with a letter that stated that James was employed most recently in the position of Engineer 3, Software and that this position was eliminated.

**Hugh F. Juergens**

193.    Juergens was employed with Best Buy as a Product Capability Manager.

194.    Juergens was well qualified for his Product Capability Manager position and performed his duties in a proper, satisfactory and competent manner.

195.    Best Buy terminated Juergens' employment on or about June 14, 2004, when Juergens, who was born on November 3, 1946, was 56 years old.

196.    In response to Juergens' request for the truthful reason for his termination pursuant to Minn. Stat. § 181.933, Best Buy stated that his employment was terminated due to his failure to meet the expectations of his position as a Product Capability Manager in the Data Management COE.

**Glen A. Juntti**

197.    Juntti was employed with Best Buy as a Delivery Project Manager.

198.    Juntti was well qualified for his Delivery Project Manager position and performed his duties in a proper, satisfactory and competent manner.

199.    Best Buy terminated Juntti's employment on or about June 14, 2004, when Juntti, who was born on December 6, 1948, was 55 years old.

200.    In connection with Juntti's termination, Best Buy provided him with a letter that stated that Juntti was employed most recently in the position of Mgr 2, Delivery Project and that this position was eliminated.

**Sharon L. Kelly**

201.    Kelly was employed with Best Buy as a Product Capability Manager.

202.    Kelly was well qualified for her Product Capability Manager position and performed her duties in a proper, satisfactory and competent manner.

203. Best Buy terminated Kelly's employment on or about October 10, 2003, when Kelly, who was born on March 12, 1953, was 50 years old.

204. In connection with Kelly's termination, Best Buy provided her with a letter that stated that Kelly was employed most recently in the position of Mgr 4, Product/Capability and that this position was eliminated.

**Vladimir Kessler**

205. Kessler was employed with Best Buy as a Technical Consultant.

206. Kessler was well qualified for his Technical Consultant position and performed his duties in a proper, satisfactory and competent manner.

207. Best Buy terminated Kessler's employment on or about June 14, 2004, when Kessler, who was born on May 2, 1960, was 43 years old.

208. In connection with Kessler's termination, Best Buy provided him with a letter that stated that Kessler was employed most recently in the position of Consultant 1, Technical and that this position was eliminated.

**Sally M. Kleiner**

209. Kleiner was employed with Best Buy as a Technical Consultant.

210. Kleiner was well qualified for her Technical Consultant position and performed her duties in a proper, satisfactory and competent manner.

211. Best Buy terminated Kleiner's employment on or about October 10, 2003, when Kleiner, who was born on June 21, 1949, was 54 years old.

212. In connection with Kleiner's termination, Best Buy provided her with a letter that stated that Kleiner was employed most recently in the position of Consultant 1, Technical and that this position was eliminated.

**Randall S. Knox**

213.    Knox was employed with Best Buy as a Project Manager.

214.    Knox was well qualified for his Project Manager position and performed his duties in a proper, satisfactory and competent manner.

215.    Best Buy terminated Knox's employment on or about June 14, 2004, when Knox, who was born on November 26, 1946, was 57 years old.

216.    In connection with Knox's termination, Best Buy provided him with a letter that stated that Knox was employed most recently in the position of Mgr 4, Delivery Project and that this position was eliminated.

**LaRae L. Lemon**

217.    Lemon was employed with Best Buy as a Product Capability Manager.

218.    Lemon was well qualified for her Product Capability Manager position and performed her duties in a proper, satisfactory and competent manner.

219.    Best Buy terminated Lemon's employment on or about June 14, 2004, when Lemon, who was born on January 30, 1955, was 49 years old.

220.    In connection with Lemon's termination, Best Buy provided her with a letter that stated that Lemon was employed most recently in the position of Mgr 4, Product/Capability and that this position was eliminated.

**Shawn Xiao Liu**

221.    Liu was employed with Best Buy as a Technical Consultant.

222.    Liu was well qualified for his Technical Consultant  position and performed his duties in a proper, satisfactory and competent manner.

223.   Best Buy terminated Liu's employment on or about June 14, 2004, when Liu, who was born on March 16, 1962, was 42 years old.

224.   In connection with Liu's termination, Best Buy provided him with a letter that stated that Liu was employed most recently in the position of Consultant 3, Technical and that this position was eliminated.

**Esther G. Mazurek**

225.   Mazurek was employed with Best Buy as a Project Manager.

226.   Mazurek was well qualified for her Project Manager position and performed her duties in a proper, satisfactory and competent manner.

227.   Best Buy terminated Mazurek's employment on or about October 10, 2003, when Mazurek, who was born on September 5, 1957, was 46 years old.

228.   In connection with Mazurek's termination, Best Buy provided her with a letter that stated that Mazurek was employed most recently in the position of Engineer 5, Software and that this position was eliminated.

**Daniel J. McKenzie**

229.   McKenzie was employed with Best Buy as a Delivery Project Manager.

230.   McKenzie was well qualified for his Delivery Project Manager position and performed his duties in a proper, satisfactory and competent manner.

231.   Best Buy terminated McKenzie's employment on or about June 14, 2004, when McKenzie, who was born on March 31, 1956, was 48 years old.

232.   In connection with McKenzie's termination, Best Buy provided him with a letter that stated that McKenzie was employed most recently in the position of Mgr 4, Delivery Project and that this position was eliminated.

**Thomas M. Noska**

233.    Noska was employed with Best Buy as a Delivery Project Manager.

234.    Noska was well qualified for his Delivery Project Manager position and performed his duties in a proper, satisfactory and competent manner.

235.    Best Buy terminated Noska's employment on or about October 10, 2003, when Noska, who was born on April 26 1950, was 53 years old.

236.    In connection with Noska's termination, Best Buy provided him with a letter that stated that Noska was employed most recently in the position of Mgr 3, Product/Capability and that this position was eliminated.

**Roy D. Okins**

237.    Okins was employed with Best Buy as a Software Engineer.

238.    Okins was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

239.    Best Buy terminated Okins' employment on or about June 14, 2004, when Okins, who was born on September 3, 1946, was 57 years old.

240.    In connection with Okins' termination, Best Buy provided him with a letter that stated that Okins was employed most recently in the position of Engineer 4, Software and that this position was eliminated.

**Richard David Olund**

241.    Olund was employed with Best Buy as a Product Capability Manager.

242.    Olund was well qualified for his Product Capability Manager position and performed his duties in a proper, satisfactory and competent manner.

243.    Best Buy terminated Olund's employment on or about June 14, 2004, when Olund, who was born on November 8, 1954, was 49 years old.

244.    In connection with Olund's termination, Best Buy provided him with a letter that stated that Olund was employed most recently in the position of Mgr 3, Best Practices and that this position was eliminated.

**Gregory J. Pettis**

245.    Pettis was employed with Best Buy as a Product Capability Manager.

246.    Pettis was well qualified for his Product Capability Manager position and performed his duties in a proper, satisfactory and competent manner.

247.    Best Buy terminated Pettis' employment on or about October 10, 2003, when Pettis, who was born on September 16, 1947, was 56 years old.

248.    In connection with Pettis' termination, Best Buy provided him with a letter that stated that Pettis was employed most recently in the position of Mgr 3, Product/Capability and that this position was eliminated.

**Joy G. Piao**

249.    Piao was employed with Best Buy as a Senior Business Analyst.

250.    Piao was well qualified for her Senior Business Analyst position and performed her duties in a proper, satisfactory and competent manner.

251.    Best Buy terminated Piao's employment on or about June 14, 2004, when Piao, who was born on February 16, 1960, was 44 years old.

252.    In connection with Piao's termination, Best Buy provided her with a letter that stated that Piao was employed most recently in the position of Analyst 5, Business and that this position was eliminated.

**Boris L. Rabichev**

253.    Rabichev was employed with Best Buy as a Database Analyst.

254.    Rabichev was well qualified for his Database Analyst position and performed his duties in a proper, satisfactory and competent manner.

255.    Best Buy terminated Rabichev's employment on or about June 14, 2004, when Rabichev, who was born on January 13, 1958, was 46 years old.

256.    In connection with Rabichev's termination, Best Buy provided him with a letter that stated that Rabichev was employed most recently in the position of Analyst 2, Database and that this position was eliminated.

**Joy M. Reinhart**

257.    Reinhart was employed with Best Buy as a Business Analyst.

258.    Reinhart was well qualified for her Business Analyst position and performed her duties in a proper, satisfactory and competent manner.

259.    Best Buy terminated Reinhart's employment on or about June 14, 2004, when Reinhart, who was born on July 8, 1953, was 50 years old.

260.    In connection with Reinhart's termination, Best Buy provided her with a letter that stated that Reinhart was employed most recently in the position of Analyst 5, Business and that this position was eliminated.

**JoAnn Baird Shoemaker**

261.    Shoemaker was employed with Best Buy as a Business Analyst.

262.    Shoemaker was well qualified for her Business Analyst position and performed her duties in a proper, satisfactory and competent manner.

263.    Best Buy terminated Shoemaker's employment on or about June 14, 2004, when Shoemaker, who was born on December 9, 1956, was 47 years old.

264.    In connection with Shoemaker's termination, Best Buy provided her with a letter that stated that Shoemaker was employed most recently in the position of Analyst 5, Business and that this position was eliminated.

**Kent D. Smith**

265.    Smith was employed with Best Buy as a Delivery Project Manager.

266.    Smith was well qualified for his Delivery Project Manager position and performed his duties in a proper, satisfactory and competent manner.

267.    Best Buy terminated Smith's employment on or about June 14, 2004, when Smith, who was born on August 20, 1960, was 43 years old.

268.    In connection with Smith's termination, Best Buy provided him with a letter that stated that Smith was employed most recently in the position of Mgr 2, Delivery Project and that this position was eliminated.

**Lynette M. Steuck**

269.    Steuck was employed with Best Buy as a Delivery Project Manager.

270.    Steuck was well qualified for her Delivery Project Manager position and performed her duties in a proper, satisfactory and competent manner.

271.    Best Buy terminated Steuck's employment on or about June 14, 2004, when Steuck, who was born on March 31, 1953, was 51 years old.

272.    In connection with Steuck's termination, Best Buy provided her with a letter that stated that Steuck was employed most recently in the position of Mgr 3, Delivery Project and that this position was eliminated.

**Gregory K. Stoner**

273.   Stoner was employed with Best Buy as a Delivery Project Manager.

274.   Stoner was well qualified for his Delivery Project Manager position and performed his duties in a proper, satisfactory and competent manner.

275.   Best Buy terminated Stoner's employment on or about June 14, 2004, when Stoner, who was born on February 26, 1952, was 52 years old.

276.   In connection with Stoner's termination, Best Buy provided him with a letter that stated that Stoner was employed most recently in the position of Mgr 2, Delivery Project and that this position was eliminated.

**Billy S. Summers**

277.   Summers was employed with Best Buy as a Software Engineer.

278.   Summers was well qualified for his Software Engineer position and performed his duties in a proper, satisfactory and competent manner.

279.   Best Buy terminated Summers' employment on or about October 10, 2003, when Summers, who was born on May 31, 1942, was 61 years old.

280.   In connection with Summers' termination, Best Buy provided him with a letter that stated that Summers was employed most recently in the position of Engineer 4, Software and that this position was eliminated.

**Marina Vorobeychik**

281.   Vorobeychik was employed with Best Buy as a Consultant.

282.   Vorobeychik was well qualified for her Consultant position and performed her duties in a proper, satisfactory and competent manner.

283.   Best Buy terminated Vorobeychik's employment on or about October 10, 2003, when Vorobeychik, who was born on October 30, 1956, was 46 years old.

284.   In connection with Vorobeychik's termination, Best Buy provided her with a letter that stated that Vorobeychik was employed most recently in the position of Consultant 2 and that this position was eliminated.

**Richard L. Walstrom**

285.   Walstrom was employed with Best Buy as a Technical Consultant.

286.   Walstrom was well qualified for his Technical Consultant  position and performed his duties in a proper, satisfactory and competent manner.

287.   Best Buy terminated Walstrom's employment on or about June 14, 2004, when Walstrom, who was born on December 9, 1946, was 57 years old.

288.   In connection with Walstrom's termination, Best Buy provided him with a letter that stated that Walstrom was employed most recently in the position of Consultant 4, Technical and that this position was eliminated.

**Philip B. Winters**

289.   Winters was employed with Best Buy as a Product Capability Manager.

290.   Winters was well qualified for his Product Capability Manager position and performed his duties in a proper, satisfactory and competent manner.

291.   Best Buy terminated Winters' employment on or about June 14, 2004, when Winters, who was born on February 10, 1962, was 42 years old.

292.   In connection with Winters' termination, Best Buy provided him with a letter that stated that Winters was employed most recently in the position of Mgr 4, Product/Capability and that this position was eliminated.

**Ernest R. Zahradka**

293.    Zahradka was employed with Best Buy as a Delivery Project Manager.

294.    Zahradka was well qualified for his Delivery Project Manager position and performed his duties in a proper, satisfactory and competent manner.

295.    Best Buy terminated Zahradka's employment on or about June 14, 2004, when Zahradka, who was born on November 17, 1962, was 41 years old.

296.    In connection with Zahradka's termination, Best Buy provided him with a letter that stated that Zahradka was employed most recently in the position of Mgr 2, Delivery Project and that this position was eliminated.

**Opt-In Plaintiffs**

297.    Each person similarly situated to the above-named Plaintiffs who affirmatively opts into this action by filing a notice was formerly employed by Best Buy in its corporate office in Minnesota.  Each was well-qualified for the position or positions he or she held and performed his or her duties in a satisfactory and competent manner.  Nevertheless, Best Buy  terminated, demoted, forced to retire or resign, or otherwise adversely affected the employment of each such person in whole or in part due to his or her age.

**COUNT ONE**

**ADEA REPRESENTATIVE ACTION**

298.    Plaintiffs incorporate herein by reference paragraphs 1 through 297, above.

299.    This is a representative action under 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b) by the above-named Plaintiffs and other similarly situated persons who opt into this action by filing an appropriate notice.

300.    As set forth more fully above, Best Buy has engaged in an unlawful pattern or practice of age discrimination that has adversely affected the above-named Plaintiffs and other similarly situated present and former employees of Best Buy in the IS department and other departments or units, in violation of the ADEA, 29 U.S.C. § 621, *et. seq.*

301.    The aforesaid unlawful pattern or practice of age discrimination by Best Buy is in willful violation of the ADEA.

302.    The above-named Plaintiffs and others similarly situated were adversely affected by the aforesaid pattern or practice of unlawful, willful age discrimination by Best Buy.

303.    By engaging in said unlawful and willful pattern or practice of age discrimination as described herein, Best Buy prevented the named Plaintiffs and other similarly situated employees from obtaining the income, pension, retirement and insurance benefits, and other compensation and benefits that they otherwise would have earned and received.

304.    As a direct and proximate result of the aforesaid unlawful and willful pattern or practice of age discrimination by Best Buy in violation of the ADEA, each of the Plaintiffs has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation and lost retirement benefits, insurance benefits, and other employee benefits.

## COUNT TWO

## INDIVIDUAL AGE DISCRIMINATION CLAIMS - ADEA AND MHRA

305.    Plaintiffs incorporate herein by reference paragraphs 1 through 304, above.

306.    Best Buy discriminated against Hall because of his age in willful violation of the ADEA and MHRA by engaging in the aforesaid pattern or practice of age discrimination and by terminating Hall's employment in 2003.

307.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Hall, Hall has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

308.    Best Buy discriminated against Jothen because of his age in willful violation of the ADEA and MHRA by engaging in the aforesaid pattern or practice of age discrimination and by terminating Jothen's employment in 2003.

309.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Jothen, Jothen has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

310.    Best Buy discriminated against Aschenbeck because of her age in willful violation of the ADEA and MHRA by engaging in the aforesaid pattern or practice of age discrimination and by terminating Aschenbeck's employment in 2004.

311.    As a direct and proximate result of Defendant's unlawful and willful age discrimination against Aschenbeck, Aschenbeck has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

312.    Best Buy discriminated against Brennan because of his age in willful violation of the ADEA and MHRA by engaging in the aforesaid pattern or practice of age discrimination and by terminating Brennan's employment in 2004.

313.    As a direct and proximate result of Defendant's unlawful and willful age discrimination against Brennan, Brennan has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

314.    Best Buy discriminated against Carlson because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Carlson's employment in 2004.

315.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Carlson, Carlson has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

316.    Best Buy discriminated against Carney because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Carney's employment in 2004.

317.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Carney, Carney has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost

retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

318.    Best Buy discriminated against Chen because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Chen's employment in 2004.

319.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Chen, Chen has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

320.    Best Buy discriminated against Clausen because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Clausen's employment in 2004.

321.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Clausen, Clausen has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

322.    Best Buy discriminated against Draper because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Draper's employment in 2004.

323.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Draper, Draper has suffered damages in an amount to be determined at

trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

324. Best Buy discriminated against Flemino because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Flemino's employment in 2004.

325. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Flemino, Flemino has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

326. Best Buy discriminated against Foster because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Foster's employment in 2004.

327. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Foster, Foster has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

328. Best Buy discriminated against Giles because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Giles' employment in 2004.

329.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Giles, Giles has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

330.    Best Buy discriminated against Hanson because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Hanson's employment in 2003.

331.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Hanson, Hanson has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

332.    Best Buy discriminated against Hartmann because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Hartmann's employment in 2004.

333.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Hartmann, Hartmann has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

334. Best Buy discriminated against Holtan because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Holtan's employment in 2003.

335. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Holtan, Holtan has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

336. Best Buy discriminated against Hudson because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Hudson's employment in 2004.

337. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Hudson, Hudson has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

338. Best Buy discriminated against Ivanov because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Ivanov's employment in 2004.

339. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Ivanov, Ivanov has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost

retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

340. Best Buy discriminated against James because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating James' employment in 2003.

341. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against James, James has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

342. Best Buy discriminated against Juergens because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Juergens' employment in 2003.

343. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Juergens, Juergens has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

344. Best Buy discriminated against Juntti because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Juntti's employment in 2004.

345. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Juntti, Juntti has suffered damages in an amount to be determined at trial,

including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

346.    Best Buy discriminated against Kelly because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Kelly's employment in 2003.

347.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Kelly, Kelly has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

348.    Best Buy discriminated against Kessler because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Kessler's employment in 2004.

349.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Kessler, Kessler has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

350.    Best Buy discriminated against Kleiner because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Kleiner's employment in 2003.

351.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Kleiner, Kleiner has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

352.    Best Buy discriminated against Knox because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Knox's employment in 2004.

353.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Knox, Knox has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

354.    Best Buy discriminated against Lemon because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Lemon's employment in 2004.

355.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Lemon, Lemon has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

356.    Best Buy discriminated against Liu because of his age in willful violation of the
ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age
discrimination and by terminating Liu's employment in 2004.

357.    As a direct and proximate result of Best Buy's unlawful and willful age
discrimination against Liu, Liu has suffered damages in an amount to be determined at trial,
including, but not limited to, lost salary, bonuses, and other forms of compensation, lost
retirement benefits, insurance benefits and other employee benefits, and damages for mental
anguish and suffering.

358.    Best Buy discriminated against Mazurek because of her age in willful violation of
the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of
age discrimination and by terminating Mazurek's employment in 2003.

359.    As a direct and proximate result of Best Buy's unlawful and willful age
discrimination against Mazurek, Mazurek has suffered damages in an amount to be determined at
trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost
retirement benefits, insurance benefits and other employee benefits, and damages for mental
anguish and suffering.

360.    Best Buy discriminated against McKenzie because of his age in willful violation
of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of
age discrimination and by terminating McKenzie's employment in 2004.

361.    As a direct and proximate result of Best Buy's unlawful and willful age
discrimination against McKenzie, McKenzie has suffered damages in an amount to be
determined at trial, including, but not limited to, lost salary, bonuses, and other forms of

compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

362.    Best Buy discriminated against Noska because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Noska's employment in 2003.

363.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Noska, Noska has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

364.    Best Buy discriminated against Okins because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Okins' employment in 2004.

365.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Okins, Okins has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

366.    Best Buy discriminated against Olund because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Olund's employment in 2004.

367.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Olund, Olund has suffered damages in an amount to be determined at trial,

including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

368. Best Buy discriminated against Pettis because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Pettis' employment in 2003.

369. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Pettis, Pettis has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

370. Best Buy discriminated against Piao because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Piao's employment in 2004.

371. As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Piao, Piao has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

372. Best Buy discriminated against Rabichev because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Rabichev's employment in 2004.

373.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Rabichev, Rabichev has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

374.    Best Buy discriminated against Reinhart because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Reinhart's employment in 2004.

375.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Reinhart, Reinhart has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

376.    Best Buy discriminated against Shoemaker because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Shoemaker's employment in 2004.

377.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Shoemaker, Shoemaker has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

378.   Best Buy discriminated against Smith because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Smith's employment in 2004.

379.   As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Smith, Smith has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

380.   Best Buy discriminated against Steuck because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Steuck's employment in 2004.

381.   As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Steuck, Steuck has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

382.   Best Buy discriminated against Stoner because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Stoner's employment in 2004.

383.   As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Stoner, Stoner has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost

retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

384.    Best Buy discriminated against Summers because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Summers' employment in 2003.

385.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Summers, Summers has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

386.    Best Buy discriminated against Vorobeychik because of her age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Vorobeychik's employment in 2003.

387.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Vorobeychik, Vorobeychik has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

388.    Best Buy discriminated against Walstrom because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Walstrom's employment in 2004.

389.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Walstrom, Walstrom has suffered damages in an amount to be determined

at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

390.    Best Buy discriminated against Winters because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Winters' employment in 2004.

391.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Winters, Winters has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

392.    Best Buy discriminated against Zahradka because of his age in willful violation of the ADEA and MHRA by, among other things, engaging in the aforesaid pattern or practice of age discrimination and by terminating Zahradka's employment in 2004.

393.    As a direct and proximate result of Best Buy's unlawful and willful age discrimination against Zahradka, Zahradka has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

394.    Best Buy also discriminated on the basis of age, in willful violation of the ADEA and MHRA, against each similarly situated person who may hereafter opt into this action, by engaging in the aforesaid pattern or practice of age discrimination and by terminating, demoting, forcing to retire or resign, or otherwise adversely effecting the employment of such persons.  As

a direct and proximate result thereof, each such person has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

## COUNT THREE

### OLDER WORKERS BENEFIT PROTECTION ACT

395.    Plaintiffs incorporate herein by reference paragraphs 1 through 394, above.

396.    This is a representative action under 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b) by the above-named Plaintiffs and other similarly situated persons who opt into this action.

397.    As set forth more fully above, Best Buy sought to obtain releases of age discrimination claims from the above-named Plaintiffs and other similarly situated employees without complying with the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f).

398.    The above-named Plaintiffs and others similarly situated were adversely affected by Best Buy's failure to comply with the Older Workers Benefit Protection Act.

399.    The above-named Plaintiffs and other similarly situated employees are entitled to a declaration from the Court that Best Buy failed to comply with the Older Workers Benefit Protection Act in seeking and obtaining releases of age discrimination claims and that, as a result, such releases are invalid.

## COUNT FOUR

### AGE DISCRIMINATION – DISPARATE IMPACT

400.    Plaintiffs incorporate herein by reference paragraphs 1 through 399, above.

401. This is a representative action under 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b) by the above-named Plaintiffs and other similarly situated persons who opt into this action by filing an appropriate notice.

402. As set forth more fully above, Best Buy has utilized practices, policies and procedures that have disparately impacted the above-named Plaintiffs and other similarly situated present and former employees of Best Buy in the IS department and other departments or units, resulting in an unlawful pattern or practice of age discrimination in violation of the ADEA, 29 U.S.C. § 621, *et seq.*

403. The above-named Plaintiffs and others similarly situated were disparately impacted by the discriminatory practices, policies and procedures of Best Buy.

404. As set forth more fully above, Best Buy has utilized practices, policies and procedures that have also disparately impacted each of the above-named Plaintiffs because of his or her age in violation of the ADEA and the MHRA.

405. As a direct and proximate result of the aforesaid age discrimination by Best Buy, each of the Plaintiffs has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary, bonuses, and other forms of compensation, lost retirement benefits, insurance benefits and other employee benefits, and damages for mental anguish and suffering.

### JURY DEMAND

406. The Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Best Buy as follows:

1. Awarding each of the Plaintiffs back pay and benefits, together with interest thereon;

2.    Restoring each of the Plaintiffs to positions comparable to the ones from which they were terminated or demoted or, in lieu of reinstatement, awarding each Plaintiff front pay and benefits for the period remaining until that person's expected retirement age;

3.    Awarding each of the Plaintiffs liquidated damages pursuant to the ADEA in an amount equal to that person's back pay and benefits award, together with interest thereon;

4.    Awarding each of the Plaintiffs all other damages recoverable under the MHRA, including compensatory damages, damages for mental anguish and suffering, treble damages and punitive damages;

5.    For a declaration that the releases of age discrimination claims presented by Best Buy to Plaintiffs and other similarly situated employees of Best Buy are invalid as a matter of law;

6.    Awarding Plaintiffs attorneys fees and costs pursuant to 29 U.S.C. §§ 216(b) and 626(b); and Minn. Stat. § 363.14, subd. 3;

7.    Awarding Plaintiffs prejudgment interest and their costs and disbursements herein; and

8.    Awarding Plaintiffs such other and further relief as the Court and/or the jury deems equitable, appropriate and just.

Dated:  November 17, 2004              GRAY PLANT MOOTY MOOTY
                                       & BENNETT, P.A.


                                       _____
                                       Stephen J. Snyder (#103019)
                                       500 IDS Center
                                       80 South Eighth Street
                                       Minneapolis, MN  55402
                                       (612) 632-3000
                                       Attorneys for Plaintiffs

GP:1640129 v1



500 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MN 55402-3796

612 632-3000
Fax: 612 632-4444

1010 WEST ST. GERMAIN STREET
SUITE 600
ST. CLOUD, MN 56301

320 252-4414
Fax: 320 252-4482

RECEIVED
04 NOV 17  AM 8: 40

**Stephen J. Snyder**
612 632-3250
stephen.snyder@gpmlaw.com

November 17, 2004

**Via Hand Delivery**
Clerk of Court
United States District Court
300 South Fourth Street, Suite 202
Minneapolis, MN  55415

Re:     *Verne A. Hall, et al. v. Best Buy Company, Inc., et al.*

Dear Sir/Madam:

We enclose for filing the following:

1.     Complaint;

2.     Civil Cover Sheet; and

3.     Filing fee in the amount of $150.00.

I am also enclosing a Summons for this case.  Could you please sign and seal the Summons and return it to our messenger.

If you have any questions, please contact me.

Very truly yours,

Stephen J. Snyder

SJS:sc
Enclosures
GP:1646971 v1